# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARY H. AUSTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07 CV 3352 |
| | ) |
| UNIVERSITY OF ILLINOIS AT | ) Judge St. Eve. |
| CHICAGO, | ) Magistrate Judge Cole |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND REPORT AND RECOMMENDATION

This is a straightforward case, but with a twist. Following a settlement conference in late October 2007 in which I participated, the parties agreed on an amicable resolution of the case. What began as an oral agreement was, that same day, memorialized in a comprehensive, written agreement signed by the defendant and Ms. Austin and her counsel. It contained all the essential terms to which the parties had agreed and expressly stated that it was an immediately binding agreement. The agreement contained a simple confidentiality provision, with defined exceptions.[1] It also expressly envisioned the preparation of a typed agreement that would "incorporate[ ]" the settlement terms in the written agreement. (*see* ¶ F.2).

Thereafter, the defendant's counsel prepared the typed agreement, which Ms. Austin refused to sign because of misgivings about the confidentiality provision to which she had previously agreed. With the consent of the defendant, I met with Ms. Austin and her counsel. There was no claim – nor could there have been – that Ms. Austin did not understand the terms of the agreement that she had signed in my chambers. Her appointed lawyer, James Condon, could not have been more

---

[1] The agreement consisted of 12 paragraphs with approximately 35 subparts. The defendant has filed the agreement under seal.

diligent or patient in discussing and explaining each and every term to her. Indeed, Mr. Condon's conduct was the personification of professionalism. (The same may be said of Ms. Eileen Baker, counsel for the defendant). Rather, it was Ms. Austin's position that for deeply personal reasons – none of which, as she and her lawyer acknowledged, constituted a basis to avoid the obligations to which she had freely assented – she could not sign the formal settlement agreement because of its inclusion of the confidentiality provision. Various alternatives were discussed and none were agreeable to Ms. Austin. She said she had no intention of violating the confidentiality provision in the informal agreement, but, as a matter of principle, she could not go to her grave knowing that her ability to speak had been shackled.

The defendant has filed a motion to "enforce" the October 18th agreement and to "enjoin" Ms. Austin to sign the more elaborate, typed version envisioned by the October 18th agreement. (Memorandum at 9). The written settlement agreement encompasses all the terms agreed to by the parties after careful discussion and consideration. There was nothing left for further negotiation, and the agreement explicitly provided that it was "binding" upon execution. (¶ G.1). It was identical in format to the agreement signed in *Foster v. National City Bank*, 2007 WL 1655250 (N.D. Ill. 2007). What was said there applies equally here:

> Since most cases in the federal system are settled rather than tried, *United States v. Dawson*, 425 F.3d 389, 393 (7th Cir.2005), the importance of settlement agreements cannot be overstated. Not surprisingly, there is a general policy favoring enforcement of settlement agreements. *Ford Motor Co. v. Mustangs Unlimited, Inc.*, --- F.3d ----, 2007 WL 1501142 at *4 (6th Cir.2007); *Foreman v. Mt. Sinai Medical Center*, 128 F.R.D. 591, 596 (S.D.N.Y.1989). *Cf. Merek v. Chesny*, 473 U.S. 1, 5, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985) (purpose of Rule 68 is to encourage settlement and avoid litigation). It is against this backdrop that Mr. Foster's motion is to be decided.

\* \* \*

A settlement agreement is a contract, and thus its construction and enforcement are governed by basic contract principles. *Wilson v. Wilson*, 46 F.3d at 666; *Laserage Tech. Corp. v. Laserage Laboratories Inc.*, 972 F.2d 799, 802 (7th Cir.1992); *McCall-Bey v. Franzen*, 777 F.2d 1178, 1186 (7th Cir.1985). Under basic contract principles, " 'the primary object in construing a contract is to give effect to the intention of the parties involved.' " *In re Doyle*, 144 Ill.2d 451, 468, 163 Ill.Dec. 515, 581 N.E.2d 669 (1991). An agreement is binding if the parties agree on all material terms. *Abbott Laboratories v. Alpha Therapeutic Corp.*, 164 F.3d 385, 387 (7th Cir.1999); *Midland Hotel Corp. v. Reuben H. Donnelley Corp.*, 118 Ill.2d 306, 313-314, 113 Ill.Dec. 252, 515 N.E.2d 61 (1987). Whether the parties came to agreement is determined not by their subjective intent, but by what they expressed to each other in their writings. *Abbott*, 164 F.3d at 387. Thus, the parties decide for themselves whether the results of preliminary negotiations bind them, but they do so through their words. Id. at 388; *see also Empro Mfg. Co. v. Ball-Co Mfg., Inc.*, 870 F.2d 423, 425 (7th Cir.1989).

Even in the context of ongoing negotiations, Illinois courts have not been shy about enforcing preliminary or incomplete agreements. *Dawson v. General Motors Corp.*, 977 F.2d 369, 374 (7th Cir.1992). Phrased differently, a contract is enforceable even though some terms may be missing or left to be agreed upon by the parties. *Academy Chicago Publishers v. Cheever*, 144 Ill.2d 24, 30, 161 Ill.Dec. 335, 578 N.E.2d 981 (1991); *see also Johnson v. Jung*, Nos. 02 C 5221, 04 C 6158, 2005 WL 1126897, at *3 (N.D.Ill. May 4, 2005); *Rose v. Mavrakis*, 343 Ill.App.3d 1086, 1090-91, 278 Ill.Dec. 751, 799 N.E.2d 469 (2003). Unless the parties expressly condition their agreement on the signing of a formal document, even informal writings manifesting each party's intent to be bound by the material terms proposed constitute a binding settlement agreement. [citations omitted].

Measured against these standards, the January 8th written document is a binding settlement agreement that articulates the parties' respective rights and obligations. While they opted to have an additional document prepared, they were explicit in agreeing that the January 8th agreement was immediately binding. Exhibit A, ¶ G.
. . .

In general, "issues of interpretation in contract cases should be resolved on the basis of the contract's language in order to minimize the costs and uncertainties of enforcing contracts." Only if the language is unclear "is there any reason to burden the parties with a trial on the meaning of the contract. *In re Comdisco*, 434 F.3d 963 (7th Cir.2006) (Posner, J.). *See also Blue Cross and Blue Shield Assn.*, 467 F.3d at 640("In the long run, everyone gains from predictability (and from rules that reduce the expense of litigating about such transactions)."). In the instant case, the language of the January 8th settlement agreement could not be clearer.

3

*Foster*, 2007 WL 1655250 at * 3-4 (footnotes omitted). To the authorities collected in *Foster* may be added *Dillard v. Starcon International, Inc.*, 483 F.3d 502, 507 (7th Cir. 2007) and *Pohl v. UAL*, 213 F.3d 336, 337 (7th Cir. 2000).

Ms. Austin does not dispute any of this and wisely concedes that the October 18, 2007 agreement is binding. The agreement could not be clearer, and it is beyond debate that it encompasses all of the material terms discussed by the parties and on which they agreed. Thus, to the extent that the motion to enforce the October 2007 settlement agreement seeks a ruling that it is binding, the motion is granted.

However, the motion seeks more than a simple declaration of enforceability. It seeks, in effect, "specific performance, that is, a mandatory injunction to perform," *American Hosp. Supply Corp. v. Hospital Products Ltd.*, 780 F.2d 589, 594 (7th Cir. 1985); *see also Resolution Trust Corp. v. Ruggiero*, 994 F.2d 1221, 1225 (7th Cir.1993),[2] by requiring Ms. Austin to execute the typed agreement prepared by the defendant's lawyers.

In the absence of consent by all parties, I do not have the jurisdiction to grant that sort of relief. *See* 28 U.S.C. §636(b)(1)(A). I do have authority, however, to recommend to the district court disposition for requests for injunctive relief and other matters excluded under §(b)(1)(A). *See*

---

[2] In *Resolution Trust* the court imposed a a resulting trust on the property nominally owned by Ms. Ruggiero. The court of appeals held this was the equivalent of an injunction and closely resembled an order of specific performance. The standard remedy in the case of a seller's breach of a contract to convey land, an order of specific performance in such a case would direct the defendant to transfer title to the plaintiff, which is essentially what the district court ordered. In form, all he did was declare that property the title to which was in A (Gina) in fact belonged to B (Angelo), so that C, B's judgment creditor (i.e., Resolution Trust Corporation), could levy on it to satisfy its judgment. But the effect of that declaration was to transfer so much of the property as necessary to satisfy the judgment from A to C, making it functionally equivalent to an order that A pursuant to contract convey property owned by him to C-an order of specific performance, hence an injunction. 994 F.2d at 1225.

4

28 U.S.C. §(b)(1)(B). It is my recommendation that the motion's request for an order requiring Ms. Austin to sign the formal settlement agreement be denied. The moving papers do not discuss the criteria that must be satisfied before such an injunction will be issued or its generally disfavored status. The motion does not attempt to demonstrate consonance between the informal agreement's terms and those in the formal settlement agreement. Yet without that analysis, one cannot say whether the formal agreement deviates from the terms of the informal agreement and thus whether injunctive relief is even arguably appropriate. It is not for a court to undertake unaided such an analysis. *Cf. Dal Pozzo v. Basic Machinery Co., Inc.*, 463 F.3d 609, 613-614 (7th Cir. 2006);*Burdett v. Miller*, 957 F.2d 1375, 1380 (7th Cir. 1992)(Posner, J.).

To the extent that the terms in the formal agreement differ or go beyond what was agreed to, Ms. Austin is not obligated to abide by them or to sign an agreement that by deviating from the provisions of the informal agreement would constitute a breach of that agreement. To the extent that the formal agreement is faithful to the terms of the October 18th agreement, there would appear to be no necessity to coerce judicially the plaintiff to sign a document that does no more than reiterate in different language obligations to which she concedes and I have found she is already bound.

Finally, ordering Ms. Austin to comply with the settlement agreement–the relief broadly sought in the motion to "enforce the Term Sheet" (Memorandum at 9)-- would, in effect, constitute an injunction extending indefinitely into the future to abide by the confidentiality provision and all the other terms of the October 18th agreement. Ms. Austin is already bound to obey that clause, and there is no basis to issue an injunction requiring compliance where there has not even been an anticipatory breach. *Compare Hispanics United of DuPage County v. Village of Addison*, 248 F.3d 617, 619 (7th Cir. 2001)("If the district judge meant this as an interpretation of the existing consent

decree (rather than as a new mandatory injunction), then it would have been preferable to use the language of interpretation rather than command (for the consent decree itself does the commanding.)")(Parentheses in original).

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 1/29/08

Any objections to the Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the Magistrate Judge's Report and Recommendation. *See* Fed.R.Civ.P. 72(b); 28 U.S.C. 636(b)(1)(C); *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 329 (7th Cir.1995).